[Criminal No. 266.  Filed March 20, 1909.]

[100 Pac. 440.]

## V. C. MUSGRAVE, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—APPEAL—TRANSCRIPT—CERTIFICATION.—Where the reporter's transcript of the evidence in a criminal case was not filed in the trial court, or certified by the trial judge, error could not be assigned thereon.

2. CRIMINAL LAW—RAPE—ASSAULT—INSTRUCTIONS.—Where, in a prosecution for assault to rape, the indictment was so drawn that defendant might properly have been found guilty of simple assault, if the evidence warranted it, the court did not err in charging that, if the jury were satisfied beyond a reasonable doubt that defendant assaulted prosecutrix, but they were not satisfied beyond a reasonable doubt of his felonious intent to have sexual intercourse with her, they should convict him of simple assault.

3. CRIMINAL LAW—APPEAL—PREJUDICE.—Where accused was convicted of assault with intent to rape, he was not prejudiced by an instruction authorizing his conviction under certain circumstances of simple assault.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Santa Cruz. Fletcher M. Doan, Judge. Affirmed.

William G. Gilmore, for Appellant.

E. S. Clark, Attorney General, for Territory.

PER CURIAM.—The appellant was convicted of the crime of an assault with intent to commit rape. All the errors but one assigned in the brief of appellant relate to rulings of the court on testimony offered upon the trial. None of the assignments in this regard appear to be well founded. Furthermore, the reporter's transcript of the evidence was not filed in the court below, or certified to by the trial judge as correct, and, as we have repeatedly held, cannot, therefore, be made the basis of a reversal of the judgment, if the errors assigned had foundation.

It is urged that the trial court erred in charging the jury that if they were satisfied beyond a reasonable doubt that the

appellant made an assault upon the prosecuting witness, but were not satisfied beyond a reasonable doubt of his felonious intent to commit an act of sexual intercourse with her in such manner as would constitute rape, the jury might find the appellant guilty of simple assault; the contention of the appellant being that the trial court should have instructed the jury that the appellant was guilty either of an assault with intent to commit rape or of an aggravated assault, but that he could not properly be convicted of a simple assault. Under the indictment as drawn, the appellant might properly have been found guilty of the crime of simple assault, if the evidence warranted it; and the contention of the appellant is without merit. Furthermore, the conviction being one of an assault with intent to commit rape, the charge of the trial court was manifestly in the appellant's favor, and he cannot be heard to complain.

We find no reversible error on the face of the record, and the judgment of the district court is affirmed.

DOAN, J., not sitting.